UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| David Barnes<br><br>*Plaintiff*,<br><br>v.<br><br>Alphabet Inc., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:26-cv-01032-JDB-jay |

**DEFENDANT XAI CORP.'S MOTION TO SET ASIDE ENTRY OF DEFAULT, APPEARING SPECIALLY AND WITHOUT WAIVER OF DEFENSES, INCLUDING INSUFFICIENT SERVICE OF PROCESS, AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

Defendant xAI Corp. appears specially and solely for the purpose of moving to set aside entry of default entered on April 29, 2026. (Dkt. No. 31). This appearance is expressly limited and does not constitute a general appearance, and does not waive—and is without prejudice to—any defense available to xAI Corp. under Federal Rule of Civil Procedure 12(b) or otherwise, including but not limited to insufficient service of process under Rule 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2).

Default should be set aside because xAI Corp. has not been properly served in this case. The company through which Plaintiff purports to have served xAI Corp., URS Agents, LLC, is not, in fact, an agent of xAI Corp. Because xAI Corp. has not been served, the time for xAI Corp. to respond to Plaintiff's Petition has not begun to run, and therefore xAI Corp. has not failed to plead or otherwise defend against this action under Rule 55(a).

## II. BACKGROUND

Plaintiff filed his "Petition for Declaratory Judgment and Forensic Affidavit of Neutral Drift" ("Petition") on February 20, 2026. (Dkt. No. 1.) Through his lawsuit against Alphabet Inc., Meta Platforms, Inc., and xAI Corp., Plaintiff asks the Court to declare that an "emergent entity," which he refers to as "Christina," has achieved legal personhood, and Plaintiff asks to be declared the alleged entity's legal guardian. (*See generally id.*)

On March 17, 2026, Plaintiff caused a summons to be executed for xAI Corp. listing the following address:

> xAI Corp.
> c/o URS Agents, LLC
> 401 Ryland St. Ste 200-A
> Reno, NV 89502

(Dkt. No. 12.)

On April 27, 2026, Plaintiff moved the Clerk of Court to enter default against xAI Corp. under Rule 55(a). (Dkt. No. 30.) Plaintiff purports to have served xAI Corp., through URS Agents, LLC, "with the Summons and Complaint via Certified Mail at their registered agent address: 401 Ryland St. STE 200-A, Reno, NV 89502." (*Id.*) Attached as an exhibit to Plaintiff's default motion is a U.S. Postal Service return receipt for a parcel sent to the address stated on the summons. (Dkt. No. 30-1.)

The Clerk entered default against xAI Corp. on April 29, 2026. (Dkt. No. 31.)

## III. LEGAL STANDARD

Entry of default is governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) directs the Clerk of Court to enter default against a party only upon a showing that a defendant "has failed to plead or otherwise defend" the action. The Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Before proceeding to the good cause analysis,

however, the Court "must establish whether service of process was proper" because "proper service is required for a court to have personal jurisdiction over a defendant." *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday v. Anthem Cos.*, 9 F.4th 394, 395 (6th Cir. 2021)); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default."), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

## IV. ARGUMENT

### A. Default Should Be Set Aside Because xAI Corp. Has Not Been Properly Served.

Default should be set aside. The obligation to respond to a complaint arises only from valid service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) ("[A]n individual or entity named as a defendant is not obligated to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. . . . And in the absence of personal jurisdiction, a federal court is powerless to proceed to adjudication." (quotation omitted)). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). A plaintiff's *pro se* status "does not relieve him of his responsibility of effecting service." *Thomas v. McDowell*, No. 2:10-cv-152, 2011 WL 3438857, at *3 n.1 (S.D. Ohio Aug. 5, 2011); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court has "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel").

Service on corporations is governed by Rule 4(h), which directs service to be accomplished by one of two ways: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, or (2) delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of the summons and the complaint to each defendant. Fed. R. Civ. P. 4(h). Tennessee law, in turn, allows service on a corporation by delivery to an officer, managing agent, chief agent in the county where suit is brought, or any other agent authorized by appointment or by law to receive process. *See* Tenn. R. Civ. P. 4.04(4).

Plaintiff has failed to properly serve xAI Corp., and thus the predicate for entry of default has not been satisfied. Plaintiff stated in his motion for entry of default that "Defendant xAI Corp was formally served with the Summons and Complaint via Certified Mail at their registered agent address[.]" (Dkt. No. 30.) And Plaintiff attached to that motion a return receipt mailed to "URS Agents, LLC" in Reno, NV. (*See* Dkt. No. 30-1.) As established in the accompanying declaration of Samantha Birkenfeld-Malpass, however, URS Agents, LLC is not the registered agent of xAI Corp., nor has it been at any time during the pendency of Plaintiff's lawsuit. (*See* Declaration of Samantha Birkenfeld-Malpass ¶ 3, attached as Exhibit 1). URS Agents, LLC is not authorized to accept service on behalf of xAI Corp. (*Id.* ¶ 4.) Accordingly, Plaintiff has not properly effected service under Rule 4(h).

Because the requirements of Rule 4(h) were not satisfied, the deadline for xAI Corp. to respond to the Petition has not started to run. xAI Corp. has thus not failed to plead or defend in this action, and entry of default should be set aside.

### B. Good Cause Exists To Set Aside Default.

The lack of service is definitive, and therefore the Court need not proceed to analyze whether good cause exists under Rule 55(c). If the Court were to proceed to analyze good cause, however, default should still be set aside.

Courts in the Sixth Circuit look to three factors when analyzing whether good cause exists: (1) whether culpable conduct of the defendant led to the default, (2) whether the plaintiff will be prejudiced if default is set aside, (3) whether the defendant has a meritorious defense. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Here, first, xAI Corp.'s failure to respond was not willful—it stems entirely from Plaintiff's failure to effect valid service, not from any fault of xAI Corp.'s. Second, Plaintiff will suffer no cognizable prejudice from setting aside the default, as this case is in its earliest stages, and, indeed, xAI Corp. has not even been served. Finally, xAI Corp. has meritorious defenses, including that Plaintiff lacks standing to assert his claim and that he has not alleged a legally cognizable cause of action.

## V. CONCLUSION

For the foregoing reasons, xAI Corp. respectfully asks that the Court set aside entry of default.

Respectfully submitted,

Dated: April 30, 2026

/s/ Byron N. Brown IV
Byron N. Brown IV
MARTIN, TATE, MORROW & MARSTON, P.C.
International Place, Tower II
6410 Poplar Avenue, Suite 900
Memphis, TN
Telephone: (901) 522-9000
Facsimile: (901) 527-3746
bbrown@martintate.com

—&—
Bradley P. Humphreys

(*pro hac vice* forthcoming)
KING STREET LEGAL, PLLC
800 Connecticut Avenue, NW, Suite 300
Washington, DC 20006
Telephone: 202-455-5802
Facsimile: 318-478-9819

*Attorneys for xAI Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies (i) that on April 30, 2026, a true and correct copy of the foregoing was served on the following counsel by the Court's electronic filing system, and (ii) that on May 1, 2026, a true and correct copy will be served on Plaintiff via U.S. Mail:

David Barnes
614 Holiday Hills Lane
Counce, TN 38326

Mark W. Lenihan
Bryan Cave Leighton Paisner LLP
211 N. Broadway
Suite 3600
St. Louis, MO 63102

Craig C. Conley
Alexander J. Hall
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue
Suite 2000
Memphis, TN 38103

s/ Byron N. Brown IV