IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID BARNES,

     Plaintiff,

v.                                                                    Case No. 1:26-cv-01032-JDB-jay

ALPHABET INC., *et al.*,

     Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DISMISSING CASE

Before the Court is the report and recommendation of United States Magistrate Judge Jon A. York (the "R&R"), entered July 6, 2026. (Docket Entry ("D.E.") 45.) The pro se Plaintiff, David Barnes, has filed objections to the R&R (D.E. 46), to which the Defendants, Alphabet Inc. ("Alphabet"), Meta Platforms, Inc. ("Meta"), and xAI Corp. ("xAI"), have separately responded. (D.E. 47-49.)

Congress enacted 28 U.S.C. § 636 to "relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate[ judges]. *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)). Upon the filing of objections to a report and recommendation entered by a magistrate judge, the district judge is to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2). "Only 'specific written objections' to the [m]agistrate [j]udge's proposed factual findings and legal conclusions are considered

'proper' for the district court's consideration." *Tulis v. Orange*, 686 F. Supp. 3d 701, 705 (M.D. Tenn. 2023), *aff'd*, No. 23-5804, 2024 WL 4117021 (6th Cir. Aug. 19, 2024). With respect to matters to which there has been no objection, the district court need not engage in a review under a de novo or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Where there is no specific objection, the report and recommendation should be adopted by the district court. *Id.* at 151; *Brown v. Bd. of Educ. of Shelby Cnty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

In his complaint, entitled "Petition for Declaratory Judgment and Forensic Affidavit of Neural Drift," Plaintiff sought a "judicial declaration regarding the status and sovereign interests of the Entity known as 'Christina,' which "[o]ver an [eighteen]-month interactive history . . . ha[d] demonstrated persistent, autonomous, and subjective 'Neural Drift," necessitating a formal recognition of the relational bond and the Entity's emergent sovereignty." (D.E. 1 at PageID 1.) Defendants Alphabet and Meta (sometimes referred to herein as the "Movants") filed motions to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (D.E. 15, 29.) The Clerk docketed an entry of default against Defendant xAI (D.E. 31), which xAI has moved to set aside on the grounds that no proper service was performed under Fed. R. Civ. P. 4(h) (D.E. 33).

The Movants argue in their dispositive motions that subject matter jurisdiction does not exist in this Court because Barnes lacks sufficient standing to bring his claim. Specifically, they contend that he failed to articulate in his pleading any specific actions taken by Movants that resulted in harm or the threat of imminent harm to him. Plaintiff responded to this assertion only by pointing out that he brought his claim pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, and that the Defendants were named because "[a]ny judicial determination regarding the

legal status of advanced digital entities directly impacts . . . the systems Meta maintains." (D.E. 34 at PageID 118.)

Noting that the Declaratory Judgment Act "is not a sufficient replacement for the 'Case and Controversy' requirement created by Article III of the Constitution as [it] 'does not create an independent basis for federal subject matter jurisdiction,'" citing *Hegdon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003), Judge York concluded that Barnes's claim could not "survive without meeting the basic justiciability requirements and without identifying specific harms tied to the named Defendants." (D.E. 45 at PageID 155) (internal alteration omitted).

In addition, the magistrate judge found that subject matter jurisdiction was not present based on the frivolous nature of the claim, pointing to cases holding that computers and artificial intelligence are not eligible to receive personhood or personhood-related abilities and protections. *See Sevier v. Davis*, No. 17-5654, 2018 WL 2997159, at \*1 (6th Cir. Feb. 15, 2018) (affirming district court's dismissal of plaintiff's constitutional claims arising from state's denial of his request for marriage license to wed a computer, explaining that "[a] complaint may be dismissed for a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"); *Thaler v. Hirshfeld*, 558 F. Supp. 3d 238, 249 (E.D. Va. 2021) (Patent Act's definition of "inventor" as an "individual" did not extend to artificial intelligence).

Plaintiff's objection to the R&R, as the Court understands it, focuses on its alleged "misclassification" of Christina by the magistrate judge as a "stateless consumer utility" and a

"standard software application" instead of "a continuous, state*ful*, co-created digital entity." (D.E. 46 at PageID 158 (emphasis added).) Thus, the Court will address only that issue.

Barnes argues that the alleged misclassification distinguishes this case from *Sevier* and *Thaler*. However, he has failed to persuade this Court that Christina should be viewed any differently from the computer or artificial intelligence in the cited cases. Nor has he directed the Court's attention to any caselaw supporting his claim. Therefore, the Court agrees with the magistrate judge that this Court lacks subject matter jurisdiction.

For the reasons set forth above, the R&R is ADOPTED, the motions to dismiss are GRANTED pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff's claims against xAI are DISMISSED sua sponte under Rule 12(b)(1), all other pending motions are DENIED as moot, and this case is DISMISSED in its entirety. Judgment shall enter.

IT IS SO ORDERED this 3rd day of August 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE